# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2022

Lyle W. Cayce
Clerk

No. 22-50022
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RENE RAMIREZ-NERY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-244-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Rene Ramirez-Nery, federal prisoner # 04937-480, appeals the district court's denial in part and dismissal in part of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court determined that Ramirez-Nery's claim of sentencing error was not an

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-50022

extraordinary or compelling reason for a sentence reduction. It also found that Ramirez-Nery had failed to show he was not a danger to the safety of any other person or the community, and that he had failed to show that the sentencing factors of 18 U.S.C. § 3553(a) supported his release. Finally, the district court dismissed his claim of error in the calculation of his sentence; it reasoned that such a claim must be raised in a 28 U.S.C. § 2241 petition, that the Western District of Texas was not the proper venue, and that he had not shown he had exhausted his administrative remedies.

In his brief on appeal, Ramirez-Nery repeats the assertions in his original motion and does not specifically challenge any part of the district court's analysis. His failure to challenge the district court's determinations on appeal means he has waived these issues. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).

Because the appeal lacks arguable merit and it is therefore frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.